[Cite as *State v. Rosumenko*, 2014-Ohio-127.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 13-CA-49 |
| | : | |
| PAUL C. ROSUMENKO | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:             Appeal from the Licking County Court of
                                     Common Pleas, Case No. 12 CR 00605



JUDGMENT:                            AFFIRMED




DATE OF JUDGMENT ENTRY:              January 14, 2014




APPEARANCES:

For Plaintiff-Appellee:                        For Defendant-Appellant:

KENNETH W. OSWALT                              BRYAN BOWEN
LICKING CO. PROSECUTOR                         BOWEN & KECK LAW, LLC
Paula M. Sawyers                               338 South High St.
20 S. Second St., Fourth Floor                 Columbus, OH 43215
Newark, OH 43055

*Delaney, J.*

{¶1}   Appellant Paul C. Rosumenko appeals from the May 17, 2013 Judgment Entry of the Licking County Court of Common Pleas convicting him of one count of aggravated burglary and one count of domestic violence and sentencing him to a prison term of six years.  Appellee is the state of Ohio.

### FACTS AND PROCEDURAL HISTORY

{¶2}   Appellant and Crystal Rosumenko have been married for over a year and have one child together.  As of November 10, 2012, Crystal considered appellant her "ex" although the two were still married.  That evening, she went to the Budget Inn located at 176 West Church Street, Newark, in Licking County, Ohio, to "get away from the drama" with appellant.

{¶3}   Crystal stayed in Room 111 with her friend Shawn Fry, Fry's girlfriend Suzayn Henry, Crystal's friend Chasity Palmer, and Palmer's boyfriend Brian Hess. Crystal's car was parked directly in front of the door to the room.  The group watched T.V. and settled down to sleep but was awakened by the sound of Crystal's car alarm.

{¶4}   Chasity Palmer went to the door of the room to look out.  She opened the door and saw a "figure" in the parking lot running toward the door.  Palmer tried to shut the door quickly but was not able to do so.  The person entered the room and began to fight with Crystal.  Palmer could not see clearly because she didn't have her glasses on.

{¶5}   Shawn Fry was in the motel room bathroom when the car alarm went off. He came out and saw Crystal looking out the blinds, and Palmer trying to push someone out the door.  Someone said "Paul, it's Paul."  Fry observed appellant burst into the room by kicking the door in.  Appellant immediately began to argue with Crystal

and the others in the room tried to push him out. Fry observed appellant strike Crystal on her right cheek with his hand.

{¶6} Suzayn Henry was pregnant during this incident and hid in the bathroom until the others said appellant was gone. When she came out, she asked Crystal if she was O.K. and Crystal replied "No, he hit me." Henry observed the door frame of the room was "destroyed" and urged the group to call police.

{¶7} Crystal testified she was asleep when she heard a "boom" and her car alarm went off. She jumped out of bed as Palmer was opening the door which appellant then kicked in. Crystal testified appellant screamed at her and "accused her of sleeping with everyone in the room" before grabbing her, shaking her, and striking her on the arm. Crystal observed a dent in the front of her car but was not certain appellant did it. She testified her only resulting injury from appellant's assault was a bruise on her arm.

{¶8} Newark police responded to the Budget Inn and took statements from the witnesses. They also photographed the broken door. Police were unable to locate appellant that night.

{¶9} Appellant was charged by indictment with one count of aggravated burglary pursuant to R.C. 2911.11(A)(1), a felony of the first degree, one count of domestic violence pursuant to R.C. 2919.25(A), a felony of the third degree, and one count of criminal damaging pursuant to R.C. 2909.06(A), a misdemeanor of the second degree. Appellant entered pleas of not guilty and the case proceeded to jury trial. Appellant stipulated to two prior domestic violence convictions. He moved for judgment of acquittal pursuant to Crim.R. 29(A) at the close of appellee's evidence and at the close of all of the evidence, and the motions were overruled. Appellant did not present

evidence or testify on his own behalf. The jury found him guilty of aggravated burglary and domestic violence but not guilty of criminal damaging.

{¶10} The parties agreed the aggravated burglary and domestic violence offenses merged for sentencing purposes and appellee elected to sentence on Count I, aggravated burglary. The trial court imposed a prison term of six years.

{¶11} Appellant now appeals from the judgment entry of conviction and sentence.

{¶12} Appellant raises one assignment of error:

**ASSIGNMENT OF ERROR**

{¶13} "I. THE DEFENDANT-APPELLANT'S CONVICTIONS FOR AGGRAVATED BURGLARY, IN VIOLATION OF OHIO REVISED CODE 2911.01; AND DOMESTIC VIOLENCE, IN VIOLATION OF OHIO REVISED CODE 2919.25, WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

**ANALYSIS**

{¶14} In his sole assignment of error, appellant argues his convictions are against the manifest weight and sufficiency[1] of the evidence. We disagree.

{¶15} The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different. *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541, paragraph two of the syllabus. The standard of review for a challenge to the sufficiency of the evidence is set forth in *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991) at paragraph two of the syllabus, in which

---

[1] Appellant does not assign the sufficiency of the evidence in his statement of his assignment of error, but does argue sufficiency throughout his brief, supported by reference to the record and authority. In the interest of justice, therefore, we will address his sufficiency argument as well as manifest weight.

the Ohio Supreme Court held, "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

{¶16} In determining whether a conviction is against the manifest weight of the evidence, the court of appeals functions as the "thirteenth juror," and after "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered." *State v. Thompkins*, supra, 78 Ohio St.3d at 387. Reversing a conviction as being against the manifest weight of the evidence and ordering a new trial should be reserved for only the "exceptional case in which the evidence weighs heavily against the conviction." *Id.*

{¶17} Appellant was convicted of one count of aggravated burglary pursuant to R.C. 2911.11(A)(1), which states in pertinent part, "No person, by force, stealth, or deception, shall trespass in an occupied structure * * * when another person other than an accomplice of the offender is present, with purpose to commit * * * any criminal offense, if any of the following apply: [t]he offender inflicts, or attempts or threatens to inflict physical harm on another." He was also convicted of one count of domestic

violence pursuant to R.C. 2919.25(A), which states, "No person shall knowingly cause or attempt to cause physical harm to a family or household member."

{¶18} In challenging the manifest weight and sufficiency of the evidence, appellant does not challenge appellee's evidence as to any specific element of the offenses but instead points to various discrepancies in the testimony of appellee's witnesses. We note, however, the weight of the evidence and the credibility of the witnesses are determined by the trier of fact. *State v. Yarbrough*, 95 Ohio St.3d 227, 231, 2002-Ohio-2126, 767 N.E.2d 216, ¶ 79.

{¶19} We have thoroughly reviewed the record of this case and the exhibits. Appellee's evidence established appellant trespassed into the motel room and assaulted his wife. The witnesses' testimony is buttressed by the physical evidence of the broken door frame. Viewing the evidence in the light most favorable to appellee, the evidence supports appellant's convictions for aggravated burglary and domestic violence. We further note the jury evidently did not lose its way in considering the evidence and create a manifest miscarriage of justice; in fact, the jury found appellant guilty of two offenses and not guilty of another (criminal damaging). The jury was evidently able to reject some of appellee's evidence, to wit, Crystal's somewhat equivocal testimony about the damage to her car.

{¶20} We conclude appellant's convictions are supported by sufficient evidence and are not against the manifest weight of the evidence. Appellant's sole assignment of error is overruled.

**CONCLUSION**

{¶21} Appellant's sole assignment of error is overruled and the judgment of the Licking County Court of Common Pleas is affirmed.

By: Delaney, J. and

Gwin, P.J. and

Hoffman, J., concur.